IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM R. HOLT,**

                      **Plaintiff,**

                                                 **CIVIL ACTION**
         **vs.**                                         **No. 05-3204-GTV**

**ROGER WERHOLTZ, et al.,**

                      **Defendants.**

<u>**ORDER**</u>

    The matter is before the court on a pro se complaint filed under 42 U.S.C. 1983 by a prisoner incarcerated in El Dorado Correctional Facility in El Dorado, Kansas.

    Plaintiff alleges error in his state criminal conviction and direct appeal, and seeks specific injunctive relief concerning his pending state court appeal. To the extent plaintiff challenges the validity of his confinement pursuant to his state court criminal judgment and the related criminal appeal, plaintiff must seek relief in a petition filed under 28 U.S.C. 2254 after first exhausting state court remedies. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973)(state prisoner's challenge to fact or duration of confinement must be presented through petition for writ of habeas corpus after exhausting state court remedies). The court also finds the circumstances cited by plaintiff concerning his pro se criminal appeal are insufficient to overcome comity concerns against federal intervention in an ongoing state court action. See <u>Younger v. Harris</u>, 401 U.S. 37

(1971)(discussing abstention doctrine).

Plaintiff also seeks declaratory and injunctive relief on allegations that the denial of requested copies impermissibly impairs his right of access to the courts, and the denial necessary medical treatment for rotator cuff pain constitutes deliberate indifference to a serious medical need.

The Prison Litigation Reform Act requires a prisoner to exhaust all claims through the available administrative grievances prior to bringing an action in federal court.  42 U.S.C. 1997e(a).  Plaintiff has the burden of pleading exhaustion of administrative remedies, and "must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity."  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1211 (10th Cir. 2003).  Full exhaustion of administrative remedies on all claims is required.  See Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)("total exhaustion" rule applies to 1997e(a)).

As to his allegations of being denied copies, plaintiff cites exhaustion of an administrative grievance through the Secretary of Corrections.  Because plaintiff provides no specific information as to the content of said grievance or of any administrative response, this is an insufficient showing under Steele.  Also, the "total exhaustion" rule in Ross is not satisfied where plaintiff cites no exhaustion of administrative

remedies concerning the alleged denial of medical care.

Accordingly, absent plaintiff's supplementation of the complaint to satisfy the exhaustion requirement imposed by 42 U.S.C. 1997e(a) on a prisoner seeking relief in a federal court, the complaint is subject to being summarily dismissed without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff is granted twenty (20) days to supplement the complaint to avoid dismissal of the complaint without prejudice pursuant to 42 U.S.C. 1997e(a).

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 18th day of May 2005.


/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge