IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM R. HOLT,

                    Plaintiff,
                                        CIVIL ACTION
            vs.                         No. 05-3204-SAC

ROGER WERHOLTZ, et al.,

                    Defendants.


<u>ORDER</u>

The matter is before the court on a pro se complaint filed
under 42 U.S.C. 1983 by a prisoner while incarcerated in El
Dorado Correctional Facility in El Dorado, Kansas.

Plaintiff alleges error in his state criminal conviction and
in his direct appeal, and seeks specific injunctive relief
concerning his ability to file pleadings in his pending state
court appeal.  By an order dated May 18, 2005, the court granted
plaintiff additional time to supplement the complaint to show
full exhaustion of administrative remedies on plaintiff's claim
of being denied his right of access to the courts, and on
plaintiff's allegation of deliberate indifference to his medical
needs.  The court further indicated that habeas relief under 28
U.S.C. 2254, after full exhaustion of plaintiff's state court
remedies, was the exclusive remedy for seeking relief for alleged
constitutional error in plaintiff's state court conviction and
appeals therefrom.  <u>See</u> <u>Preiser v. Rodriquez</u>, 411 U.S. 475
(1973)(state prisoner's challenge to fact or duration of

confinement must be presented through petition for writ of habeas corpus after exhausting state court remedies).

In response, plaintiff filed pleadings[1] to detail his frustration with prison regulations that allegedly impair, by the denial of copies and the denial of postage, plaintiff's filing of original actions and appellate pleadings in the state appellate courts.[2] Plaintiff also cites rotator cuff pain that he claims will render him work disabled upon his release if corrective surgery is not provided.

The court has reviewed plaintiff's pleadings and exhibits, and is willing to assume plaintiff's full exhaustion of administrative remedies as required under 42 U.S.C. 1997e(a). Based on plaintiff's lack of financial resources, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. See 28 U.S.C. 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff

---

[1]The materials submitted by plaintiff include a collection of documents received by the court with a postal authority apology and notice of damaged mail. This material, which includes copies of pleadings plaintiff drafted and/or submitted to the Kansas appellate courts, has been assembled by the court for review and docketed as exhibits in support of plaintiff's complaint.

[2]Plaintiff's motion for "relief from judgment or order" (Doc. 7) is liberally construed by the court as plaintiff's response and objection to the findings entered by the court in the order dated Mary 18, 2005.

remains obligated to pay the full $250.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2).

Because plaintiff filed this action while he was incarcerated, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).

In this case, the court finds the supplemented complaint should be dismissed as stating no claim for relief under 42 U.S.C. 1983.  *See* 42 U.S.C. 1997e(c)(the court is to dismiss on its own motion any action brought with respect to prison conditions if satisfied the case fails to state a claim upon which relief can be granted).

First, the court remains convinced that relief under 28 U.S.C. 2254 must be pursued on all allegations of constitutional error in plaintiff's state criminal proceeding, after first exhausting available state court remedies.[3]  <u>See Preiser v. Rodriquez</u>, 411 U.S. 475 (1973)(state prisoner's challenge to fact or duration of confinement must be presented through petition for writ of habeas corpus after exhausting state court remedies). Section 1983 is not a substitute for a habeas action.

Second, to allege a valid claim under 42 U.S.C. 1983, the

---

[3]Plaintiff's direct appeal in his criminal proceeding appears to still be pending in the Kansas appellate courts.

plaintiff must assert the denial of a right, privilege or immunity secured by federal law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970); <u>Hill v. Ibarra</u>, 954 F.2d 1516, 1520 (10th Cir. 1992). Thus, plaintiff's allegations of defendants' violation of state statutes, rules, and regulations, states no claim of constitutional deprivation.

Third, to the extent plaintiff claims prison restrictions on his pro se appellate filings violate his right of access to the courts, the court finds no showing has been made that plaintiff was denied the right to present a nonfrivolous legal claim to the state courts concerning his conviction and sentence, or concerning the conditions of his confinement. *See* <u>Lewis v. Casey</u>, 518 U.S. 343, 356 (1996)(actionable claim of denied access to the court is stated when a prisoner shows injury of being prevented from attacking sentence or challenging conditions of confinement). The "impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." <u>Id</u>.

Fourth, to the extent plaintiff seeks an order directing any specific action in his pending state court appeal, this court's mandamus power does not extend to state court officials. *See* 28 U.S.C. 1361 (U.S. district court has original jurisdiction of any action in the nature of mandamus to compel "an officer or *employee of the United States or any agency thereof* to perform a duty owed to the plaintiff")(emphasis added). This court has no authority to issue such a writ to "direct state courts or their

4

judicial officers in the performance of their duties." Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986)(quotation omitted). *See also* Younger v. Harris, 401 U.S. 37 (1971)(discussing abstention doctrine counseling against federal intervention in an ongoing state court action).

Fifth, plaintiff's allegation that defendants failed to provide corrective rotator cuff surgery that would alleviate future work restraints is insufficient to state a claim of deliberate indifference by any defendant to a serious medical need of plaintiff. *See* Estelle v. Gamble, 429 U.S. 97, 104 (1976)(prison officials violate the eighth amendment when they are deliberately indifferent to a prisoner's serious medical needs); Medcalf v. State of Kansas, 626 F.Supp. 1179, 1182 (D.Kan. 1986)(denial of care must be continuing, unsupported by a competent and recognized school of practice, and must equal a denial of needed treatment).

And finally, plaintiff's claims against prison officials for declaratory and injunctive relief on plaintiff's allegations of constitutional error were rendered moot by plaintiff's release from prison on June 8, 2005. *See* Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions); Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)(declaratory relief subject to mootness doctrine).

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff's motions for a temporary restraining order (Doc. 3), service of the complaint (Doc. 4), appointment of counsel (Doc. 5), for relief from judgment or order (Doc. 7), and for discovery (Doc. 10) are denied.

IT IS FURTHER ORDERED that the supplemented complaint is dismissed as stating no claim for relief under 42 U.S.C. 1983.

**IT IS SO ORDERED.**

DATED:  This 14th day of June 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge